JOSIAH PAYTON, Receiver, &c., *v.* JOHN WIGHT and EDWARD J. ROBERTS.

In an action upon two promissory notes, against M. & A., as maker and endorser respectively, the latter, A., gave to the plaintiff renewal notes endorsed, the plaintiff discontinued the suit against him, gave him up the original notes, and perfected judgment against M., the maker. The renewal notes were not paid. *Held,* that A. was not entitled to an assignment of the judgment.

I. Such an arrangement did not operate as an assignment of the claim in suit to A., nor entitle him to an assignment of the judgment against M., until the renewal notes were paid.

II. A., not having performed his obligation, viz., that of paying the renewal notes, could not require an assignment of the judgment against M. to him, the agreement to give such an assignment being founded upon the implied understanding that such renewal notes would be paid at maturity.

A court of equity will not compel specific performance of a contract where the obligations of the party seeking relief have been disregarded, or are incapable of being substantially performed by him.

APPEAL by plaintiff from a judgment of the court at special term dismissing the complaint.

The plaintiff brought this action as receiver of Daniel Adee, appointed after the return of an execution unsatisfied in favor of R. J. Richards. The complaint alleged that Adee, on the 8th of February, 1851, purchased of the defendants and paid them for a certain judgment, which they were about to obtain against A. W. Metcalf, on notes endorsed by Adee. That Adee paid for said judgment by giving his own notes, which were accepted in full payment therefor, and that the defendants agreed to assign the judgment, when obtained, to Adee. And it prayed that the judgment might be assigned to the plaintiff.

The defendants admitted, by their answer, the recovery of the judgment, June 18th, 1851. They denied the purchase, and the agreement to assign, as alleged; and stated that Adee was sued with Metcalf, and that, at his request, they discontinued the suit against him, gave him time, and took new notes from him, with an accommodation endorser, agreeing, on payment of the

new notes, to assign the judgment against Metcalf to him, and not otherwise.

Upon the trial, it appeared that the suit in which judgment had been recovered against Metcalf, was brought upon two notes of $500 each, Metcalf being the maker, and Adee the endorser. That judgment was perfected against Metcalf, but the suit was discontinued against Adee, the then plaintiffs (now defendants) receiving from Adee ten notes, endorsed by one James McAlister, for the amount with interest, and giving to Adee the two $500 notes sued upon. The evidence was conflicting whether Wight & Roberts agreed to assign the judgment against Metcalf to Adee, or not. Only three of the ten notes given by Adee were paid. The cause was tried before Judge DALY, without a jury, who found "that no agreement was made by the defendants with said Adee, to assign the judgment against Metcalf to him, except on payment of the notes given by Adee to Wight & Roberts; and that the plaintiff, as receiver of Adee, had no right, as matter of law, to require, and was not entitled to receive, an assignment of said judgment to him while said notes remain unpaid," and rendered judgment for the defendants. The plaintiff appealed.

*A. R. Dyett,* for the appellant.

I. Whether there was an agreement by the defendants to assign the judgment to Adee, as stated in the complaint, or not, yet the giving of the new notes with McAlister's endorsements, which which was a new security by Adee, and the delivery of the notes of $500 each, on which the suit in which the judgment was obtained was brought, was, under the circumstances, in law and legal effect, a payment of the notes by the endorser to Wight & Roberts, and they had no right to enter the judgment against Metcalf for their own benefit, or except for the benefit of Adee; and Adee, as security and endorser, had a right to be subrogated to all their securities and means of enforcing the judgment against Metcalf.

II. Whether there was an agreement to assign the judgment

or not, Adee could not enforce payment of the notes of Metcalf from him without the judgment, and it was necessary that he should have it for that purpose, and Wight & Roberts, by their act in entering the judgment, had thus disenabled Adee from enforcing payment of the notes from Metcalf. 1 Paige, 329 ; 18 Johns. R. 505; 1 J. C. 137; 10 Johns. R. 524; 2 J. C. R. 554; 4 Id. 123 ; 3 Paige, 117 ; 6 Id. 521 ; 3 Barb. Ch. Rep. 338 ; 1 Comst. 595 ; 5 Cow. 202; 7 J. C. R. 90 ; 9 Cow. 147; 9 Wend. 80.

III. Whether there was an agreement to assign the judgment or not, the delivery of the two $500 notes to Adee, under the circumstances, was an assignment of the claim then in suit as against Metcalf, after action brought and before judgment to Adee, and the subsequent proceedings and judgment in that suit were for the benefit of Adee, though in Wight & Roberts' name, and they only held the judgment as trustees for him, and were bound to assign to Adee as *cestui que trust.* 17 Johns. R. 51, 284; 19 Johns. R. 95, 342 ; 2 Story's Eq. 311 ; Willard's Eq. Jur. 463.

IV. If any objection be made that the complaint alleges only a purchase of the claim, and an agreement to assign, it is too late to take the objection now, no such specific objection having been taken at the trial. 4 Kernan, 148.

*Geo. C. Goddard,* for the respondent.

By the Court, BRADY, J.—The defendants sued Daniel Adee as endorser, and A. W. Metcalf as the maker, of two promissory notes of $500 each. Adee applied to the defendants for a discontinuance of the action against him, stating that if it were continued against him, it would embarrass him very much, and offering his notes, to be endorsed, in settlement. The defendants accepted the proposition of Adee, and ten notes were given, endorsed by Mr. James McAlister. Seven of the ten notes so given were protested for non-payment, and were not paid. The defendants delivered the $500 notes, upon this settlement having been made, to Adee, and he delivered them to Metcalf; and Adee insists that it was a part of the arrangement made between

him and the defendants that judgment was to be perfected against
Metcalf, and the judgment assigned to him by them. This is
denied, and was one of the issues presented. The judge presid-
ing at the trial found, on this issue, as follows: "That no agree-
ment was made by the defendants with Adee to assign the judg-
ment against Metcalf to him, except on payment of the notes
given by Adee to them." The evidence fully sustains this find-
ing, and the judgment predicated upon it cannot be disturbed
unless the delivery of the $500 notes to Adee—as it is claimed
by the plaintiff in this action—operated as an assignment of the
claim in suit against Metcalf, and entitled Adee to the judgment
perfected against Metcalf, and to all the benefits to be derived
therefrom. The authorities to which we were referred do not
sustain such a proposition, and it is not the law in this state.
Here, there was no agreeement to assign until the notes were
paid, nor was there any agreement that the defendants should
yield the personal liability of Metcalf until the notes given by
Adee were paid. The defendants were entitled to judgment
against Adee, and had a right, in addition to his personal respon-
sibility and that of Metcalf, to require further security by way
of endorsement, as a consideration for extending the time of pay-
ment and waiving the judgment. The fact being established,
that there was no agreement to assign the judgment until the
notes were paid, negatives all implied contracts in relation thereto,
and defeats the application of any rule of law which would con-
travene that agreement. It was proper that the $500 notes should
be given to Adee, because he had substituted other notes for them,
and Metcalf's liability upon them was merged in the judgment.
They were no longer of value to the defendants, whose remedy
upon them was exhausted as to Metcalf, and released as to Adee.
There is, however, another objection to the plaintiff's recovery.
This action is brought for a specific performance of an alleged
parol agreement to assign a judgment, and it appears conclusively
that the reciprocal obligation of Adee has not been performed.
He has not paid the notes given as the consideration of the agree-
ment to assign, and cannot recover, for that reason, on well estab-

lished principles of equity. 2 Story's Eq. Juris. §§ 736, 750, 769. It is said, in section 736, that if the obligations of the party seeking relief have been disregarded, or are incapable of being substantially performed by him, courts of equity will not interfere. It would not be equitable to compel an assignment of the judgment against Metcalf, the effect of which would be to apply its proceeds to the payment of a debt of Adee not in favor of the defendants, and to leave the consideration of that assignment unpaid.

Judgment affirmed.